IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADVERIO PHARMA GMBH, BAYER AG, )
and BAYER HEALTHCARE )
PHARMACEUTICALS INC., )
)
        Plaintiffs, ) C.A. No. _____
)
   v. )
)
SANDOZ INC., )
)
        Defendant. )

## COMPLAINT

Plaintiffs Adverio Pharma GmbH, Bayer AG, and Bayer HealthCare Pharmaceuticals Inc. (collectively, "Bayer" or "Plaintiffs"), by their attorneys, for their Complaint, hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by Sandoz Inc. ("Sandoz" or "Defendant") of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of Plaintiffs' 0.5 mg, 1.0 mg, 1.5 mg, 2.0 mg, and 2.5 mg ADEMPAS® tablet products prior to the expiration of U.S. Patent No. 12,503,469 ("the '469 patent").

## THE PARTIES

### Plaintiffs

2.      Plaintiff Adverio Pharma GmbH ("Adverio") is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, D-51373 Leverkusen, Germany.

3.      Plaintiff Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

4.      Plaintiff Bayer HealthCare Pharmaceuticals Inc. ("Bayer HealthCare") is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 100 Bayer Boulevard, Whippany, New Jersey, 07981.

5.      Bayer HealthCare is the holder of New Drug Application No. 204819 for ADEMPAS®, which has been approved by the FDA.

### Sandoz

6.      On information and belief, Defendant Sandoz is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 100 College Road West, Princeton, New Jersey 08540.

7.      On information and belief, Sandoz is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products. As a part of this business, on information and belief, Sandoz files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. On information and belief, as part of these ANDAs, Sandoz files certifications of the type described in Section

505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certifications") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

8. On information and belief, Sandoz submitted ANDA No. 219225 for Sandoz's 0.5 mg, 1.0 mg, 1.5 mg, 2.0 mg, and 2.5 mg riociguat tablets ("Sandoz's ANDA Products").

9. On information and belief, following any FDA approval of ANDA No. 219225, Sandoz will market, distribute, offer for sale, and sell Sandoz's ANDA Products throughout the United States and within Delaware.

## JURISDICTION

10. Plaintiffs incorporate each of the preceding paragraphs as if each fully set forth herein.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

12. This Court has personal jurisdiction over Sandoz because, among other things, Sandoz is a corporation organized and existing under the laws of the State of Delaware, and Sandoz has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Sandoz develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

13. On information and belief, Sandoz markets, distributes, offers for sale, and/or sells generic copies of branded pharmaceutical products for the U.S. market, including in Delaware.

14. Upon information and belief, if Sandoz's ANDA is approved, Sandoz will directly or indirectly manufacture, market, sell, and/or distribute Sandoz's ANDA Product within the United States, including in Delaware, consistent with Sandoz's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, Sandoz regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. Upon information and belief, Sandoz's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. Upon information and belief, Sandoz's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Bayer's patents in the event that Sandoz's ANDA Product is approved before the patents expire.

15. Upon information and belief, Sandoz derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Sandoz and/or for which Sandoz is the named applicant on approved ANDAs. Upon information and belief, various products for which Sandoz is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

**VENUE**

16.    Venue is proper in this district for Sandoz pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, Sandoz is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

17.    Venue is proper in this district as to Sandoz because Sandoz (1) engages in patent litigation concerning Sandoz's generic versions of branded pharmaceutical products in this District, and (2) does not contest that venue is proper in this District. *See, e.g.*, *ZS Pharma, Inc. et al. v. Sandoz Inc.*, C.A. No. 23-01191-GBW, D.I. 11 (D. Del. Jan. 5, 2024); *Array Biopharma Inc. v. Sandoz Inc.*, C.A. No. 22-1316-GBW, D.I. 12 (D. Del. Nov. 2, 2022)

**THE '469 PATENT**

18.    The '469 patent, entitled "Forms of Methyl {4,6-Diamino-2-[1-(2-Fluorobenzyl)-1H-Pyrazolo[3-4-B]Pyridino-3-yl]Pyrimidino-5-yl} Methyl Carbamate," was duly and legally issued on December 23, 2025.  The '469 patent is attached as Exhibit A.

19.    As set forth in greater detail in the '469 patent, the claims of the '469 patent, incorporated by reference herein, cover, *inter alia*, "[a] method for the treatment of pulmonary hypertension associated with thromboembolism (CTEPH) comprising administering a composition comprising a therapeutically effective amount of a compound of the formula (I)

(I)

and a pharmaceutically acceptable carrier, in which more than 90 percent by weight relative to the total weight of all forms of the compound of formula (I) in the composition is in the crystalline form of Modification I, to a patient in need thereof, wherein the compound of the formula (I) has an X-Ray powder diffractogram comprising peak maxima of the 2 Theta angle of 6.7, 9.1 and 17.8."

20. Adverio is the assignee of the '469 patent.

21. Bayer AG is an exclusive licensee under the '469 patent.

22. Pursuant to 21 U.S.C. § 355, the '469 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") in connection with ADEMPAS® in 0.5 mg, 1.0 mg, 1.5 mg, 2.0 mg, and 2.5 mg dosage strengths.

**Infringement by Sandoz**

23. By letter dated February 9, 2026, (the "Sandoz Notice Letter"), Sandoz notified Bayer HealthCare and Adverio that Sandoz had submitted to the FDA ANDA No. 219225 for Sandoz's ANDA Products. These products are generic versions of ADEMPAS®.

24.    In the Sandoz Notice Letter, Sandoz indicated that, in connection with its ANDA No. 219225, Sandoz had filed a Paragraph IV Certification with respect to the '469 patent.

25.    In the Sandoz Notice Letter, Sandoz also indicated that the FDA had received an ANDA from Sandoz seeking approval for generic versions of the 0.5 mg, 1.0 mg, 1.5 mg, 2.0 mg, and 2.5 mg strengths of Plaintiffs' ADEMPAS® products.

26.    In the Sandoz Notice Letter, Sandoz stated that Sandoz's ANDA Products contain riociguat, which is a compound of the following formula:

27.    On information and belief, Sandoz's ANDA Products contain riociguat in the form of Modification I, which has an X-Ray powder diffractogram comprising peak maxima of the 2 Theta angle of 6.7, 9.1 and 17.8.  On information and belief, Sandoz does not contest that its ANDA Products meets all limitations of at least claim 5 of the '469 patent, including the limitation directed to Modification I, other than the limitation related to the X-ray diffraction peaks.  On information and belief, however, it is Sandoz's position that Modification I exhibits the 2 theta angle peaks recited in the '469 patent's claims.

7

28. On information and belief, the manufacture, use (including in accordance with and as directed by Sandoz's proposed labeling for Sandoz's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Products will infringe at least claim 5 of the '469 patent.

29. The purpose of ANDA No. 219225 was to obtain approval under the Food Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Products, including with their proposed labeling, prior to the expiration of the '469 patent.

30. Sandoz intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 219225, *i.e.*, prior to the expiration of the '469 patent.

31. Sandoz has knowledge of the claims of the '469 patent. Notwithstanding this knowledge, Sandoz has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 219225. On information and belief, by such activities, Sandoz specifically intends infringement of the '469 patent.

32. On information and belief, Sandoz plans and intends to, and will, actively induce infringement of the '469 patent when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

33. On information and belief, Sandoz knows that Sandoz's ANDA Products are especially made or adapted for use in infringing the '469 patent, and that Sandoz's ANDA

Products are not suitable for substantial noninfringing use. Sandoz's ANDA Products are a material part of the claimed invention. On information and belief, Sandoz plans and intends to, and will, contribute to infringement of the '469 patent immediately and imminently upon approval of ANDA No. 219225.

34.    On information and belief, the foregoing actions by Sandoz constitute and/or will constitute infringement of each of the '469 patent, active inducement of infringement of the '469 patent, and/or contribution to the infringement by others of the '469 patent.

35.    An actual case or controversy exists between Plaintiffs and Sandoz with respect to infringement of the '469 patent.

36.    This action is being commenced before the expiration of forty-five days from the date Plaintiffs received the Sandoz Notice Letter.

37.    While the Sandoz Notice Letter contained an offer of confidential access, that offer contains unreasonable restrictions that, for example and at a minimum, extended to products unrelated to riociguat.

## COUNT I
### (Infringement of the '469 Patent)

38.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

39.    Sandoz's submission of ANDA No. 219225 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Sandoz's ANDA Products was an act of infringement of the '469 patent under 35 U.S.C. § 271(e)(2).

40.    On information and belief, Sandoz has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import

Sandoz's ANDA Products, including with their proposed labeling, prior to the expiration of the '469 patent.

41.    Sandoz intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Sandoz's ANDA Products, including with their proposed labeling, immediately and imminently upon approval of ANDA No. 219225, *i.e.*, prior to the expiration of the '469 patent.

42.    On information and belief, the foregoing actions by Sandoz constitute and/or will constitute infringement of the '469 patent, active inducement of infringement of the '469 patent, and/or contribution to the infringement by others of the '469 patent.

43.    Unless Sandoz is enjoined from infringing the '469 patent, actively inducing infringement of the '469 patent, and contributing to the infringement by others of the '469 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT II
### (Declaratory Judgment of Infringement of the '469 Patent)

44.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

45.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Sandoz on the other regarding Sandoz's liability for infringement, active inducement of, and contribution to infringement of the '469 patent.

46.    An actual case or controversy exists between Plaintiffs and Sandoz with respect to Sandoz's liability for infringement of the '469 patent.

47.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Sandoz's ANDA Products will infringe, induce the infringement of, and contribute to the infringement of the '469 patent.

\*        \*        \*

WHEREFORE, Plaintiffs request the following relief:

(a)    A judgment that Sandoz has infringed the '469 patent;

(b)    A judgment ordering that the effective date of any FDA approval for Sandoz to make, use, offer for sale, sell, market, distribute, or import Sandoz's ANDA Products, or any product or compound the use of which infringes the '469 patent, be no earlier than the expiration date of the '469 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)    A preliminary and permanent injunction enjoining Sandoz, and all persons acting in concert with Sandoz, from making, using, selling, offering for sale, marketing, distributing, or importing Sandoz's ANDA Products, or any product or compound the use of which infringes the '469 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '469 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Sandoz's ANDA Products prior to the expiration of the '469 patent will infringe and induce the infringement of the '469 patent;

(e)    A declaration that this is an exceptional case and an award of attorneys' fees for Plaintiffs pursuant to 35 U.S.C. § 285;

(f)    An award of Plaintiffs' costs and expenses in this action; and

(g)    Such further and other relief as this Court may deem just and proper.

11

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Rodger D. Smith II (#3778)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Dov P. Grossman
Alexander S. Zolan
Richard Hildreth III
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

March 23, 2026

12